## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joshua Thompson,

No. 25-cv-2398 (KMM/JFD)

Plaintiff,

v.

**ORDER**

Clay County Sheriffs, et al.,

Defendants.

This matter is before the Court on Plaintiff Joshua Thompson's application to proceed *in forma pauperis* ("IFP") on appeal. (Dkt. 41.) On February 2, 2026, Mr. Thompson filed a Notice of Appeal to the U.S. Court of Appeals for the Eighth Circuit from this Court's December 23, 2025 Order dismissing his Complaint without prejudice and denying his IFP applications and motions to appoint counsel as moot. (Dkt. 37 (Notice of Appeal); Dkt. 34 (Order dismissing Complaint).) Thompson seeks to appeal that dismissal and to do so without prepaying the $605 appellate filing fee.

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments,

1

rather than paying the entire amount in advance. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Mr. Thompson's filings, he is entitled to IFP status on appeal. While Mr. Thompson's notice of appeal does not cause the Court to question that its dismissal order was the correct decision in this case, the Court finds that his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). However, to pursue the appeal, he must first pay an initial partial appellate filing fee of $6.99. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This fee represents 20% of the average monthly deposits in Mr. Thompson's trust account over the six-month period preceding the filing of his notice of appeal. *See* 28 U.S.C. § 1915(b)(1)(A); (Dkt. 41 at 6). The remainder of the filing fee shall be paid in monthly installments as set forth in § 1915(b)(2).

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff Joshua Thompson's application to proceed *in forma pauperis* on appeal (Dkt. 41) is **GRANTED**; and

2. Plaintiff is required to pay an initial partial appellate filing fee of $6.99.

Date: March 6, 2026                    *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States District Judge